# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 26, 2012

Lyle W. Cayce
Clerk

No. 11-41173
Summary Calendar

SAMUEL DEWAYNE DELMAST,

Plaintiff-Appellant

v.

FNU HUDSON, Officer, Sherman Police Department; BRIAN MCCLARAN, Officer, Sherman Police Department; ALFONSO CARDENAS, Physician, Wilson N. Jones Memorial Hospital,

Defendants-Appellees

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Cons. w/12-40426

SAMUEL DEWAYNE DELMAST,

Plaintiff-Appellant

v.

MARTY HALL, Deputy, Grayson County Sheriff Department; MATT WHITWORTH, Howe Police Officer; JAMES DOYLE, Howe Police Officer; MINDY RECTOR, Cpl. Grayson County Jail; JOLE DONOHOE, Cp. Grayson County Jail; RAYMOND CLARK, Grayson County Jailer; ERRIN LUTTON, Deputy, Grayson County Sheriff Department,

Defendants-Appellees

No. 11-41173
c/w No. 12-40426

---

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CV-629

---

Before JOLLY, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Samuel Dewayne Delmast, Texas prisoner # 1584085, moves this court to proceed in forma pauperis (IFP) in these appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint. Delmast's IFP motions are challenges to the district court's certification that his appeals are not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Without any citation to the voluminous record or legal authority and without providing any factual background, Delmast makes conclusory assertions that defendant Cardenas was acting under color of state law and that defendants Hudson and McClaran are not entitled to qualified immunity because they did nothing to prevent the body cavity search. He also asserts that defendants Clark, Donohoe, Rector, Whitworth, and Hall used excessive force and facilitated an unreasonable body cavity search. He further claims those same defendants denied him access to timely and adequate medical care.

Delmast has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motions for leave to proceed IFP are denied and the appeals are dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of these appeals as frivolous counts as one strike under 28 U.S.C. § 1915(g). Delmast is cautioned that if he accumulates three strikes under § 1915(g), he will not be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-41173
c/w No. 12-40426

able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTIONS DENIED; APPEALS DISMISSED; SANCTION WARNING ISSUED.